**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **NICKOLAUS S.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 3:25-cv-00299** |
| **v.** | : | |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION AND ORDER**

Plaintiff, Nickolaus S., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court on Plaintiff's Statement of Errors. (ECF No. 10.) For the reasons that follow, the Court **OVERRULES** Plaintiff's Statement of Errors (ECF No. 10) and **AFFIRMS** the Commissioner's decision.

## I. BACKGROUND

Plaintiff applied for DIB and SSI on June 17, 2022, alleging disability as of October 20, 2020, due to Chiari malformation, scoliosis, chronic kidney stones, heart issues, back issues, brain bleed, and sciatica. (ECF No. 6, PAGEID ##: 638–50; 687.) Plaintiff's applications were denied initially on September 30, 2022, and upon reconsideration on March 23, 2023. (*Id.* at PAGEID ##: 357–64, 375–81.) Thereafter, Plaintiff appeared with counsel before an administrative law judge

("ALJ") on January 16, 2024. (*Id.* at PAGEID ##: 90–122.) On March 20, 2024, the ALJ issued a partially favorable decision finding that Plaintiff was not disabled within the meaning of the Social Security Act prior to June 21, 2021, but became disabled on that date. (*Id.* at PAGEID ##: 389–409.) Thereafter, the Appeals Council reviewed and remanded this claim with instructions to reevaluate Plaintiff's RFC, finding that there was an error of law. (*Id.* at PAGEID ##: 415–22.) After a hearing on remand, an ALJ issued an unfavorable decision on January 27, 2025, finding that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (*Id.* at PAGEID ##: 38–56.)

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025, and applied the five-step sequential process to evaluate his DIB and SSI applications.[1] (ECF No. 6, PAGEID ##: 43.)

- Step One: The ALJ found that Plaintiff has not engaged in substantial gainful activity since October 20, 2020, the alleged onset date. (*Id.*)
- Step Two: Plaintiff has the following severe impairments: a congenital Chiari I

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

malformation with residuals of a remote prior shunting procedure; residuals of cerebral vascular accidents in June 2021, May 2022, and May 2023; and a history of headaches. (*Id.* at PAGEID #: 44.)

- Step Three: The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PAGEID #: 45.)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: (1) occasional crouching, crawling, kneeling, stooping, balancing, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; and (4) no driving of automotive equipment.

(ECF No. 6, PAGEID #: 45.)

- Step Four: The ALJ made no finding regarding Plaintiff's past relevant work pursuant to 20 C.F.R. § 404.1520(h). (*Id.* at PAGEID #: 48.)

- Step Five: The ALJ concluded that—when considering his age, education, work experience, and RFC, and in reliance on the VE's testimony—there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a housekeeping cleaner, folder, or inspector. (*Id.* at PAGEID ##: 48–49.)

The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since October 20, 2020. (*Id.* at PAGEID #: 49.) The Appeals Council denied Plaintiff's request for review on July 23, 2025. (*Id.* at PAGEID ##: 19–24.) This appeal followed.

## II. RELEVANT RECORD EVIDENCE

The Court has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff. Rather than summarizing that information, the Court will refer and cite

to it as necessary in the discussion below.

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices

[Plaintiff] on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**IV. ANALYSIS**

Plaintiff contends that the ALJ failed to include certain limitations in the RFC determination to account for off-task allowances in the workplace and absences due to his severe impairments. (ECF No. 10, PAGEID ##: 1985–87.) He further contends the ALJ failed to consider the vocational expert (VE) testimony that being off-task more than 10 percent of the time would be work preclusive. (*Id.* at PAGEID ##: 1987–88.)

The Commissioner responds that the ALJ considered all of Plaintiff's impairments in assessing his RFC and found persuasive the state agency medical consultants' prior administrative medical findings, which considered all of Plaintiff's impairments and found Plaintiff had limitations consistent with the ALJ's RFC findings. (ECF No. 12, PAGEID ##: 1991–97.)

A plaintiff's RFC "is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. §§ 404.1545(a), 416.945(a). When determining the RFC, the ALJ must evaluate several factors, including medical evidence, medical opinions, and the plaintiff's testimony. *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). In doing so, the ALJ must resolve conflicts in the record. *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). To that end, an ALJ "is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Beckham v. Comm'r of*

*Soc. Sec.*, No. 1:19-cv-576, 2020 WL 5035451, at *7 (S.D. Ohio Aug. 26, 2020) (quoting *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020)). And an ALJ is not required to adopt a medical opinion verbatim. *See, e.g.*, *Poe*, 342 F. App'x at 157 ("Although the ALJ may not substitute his opinion for that of a physician, he is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding.").

When it comes to hypothetical questions posed to the VE, the ALJ is not required to include those limitations if they are not supported by the record. *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide that those limitations differed from the claimant's limitations. That does not mean that the [VE's] answer about the *hypothetical individual* binds the ALJ." (internal citation omitted)); *see also Beckham*, 2020 WL 5035451, at *9 (S.D. Ohio ("Simply posing a hypothetical question to the VE does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations."). "An administrative law judge is only required to include in the residual functional capacity those limitations he [or she] finds credible and supported by the record." *Lipanye*, 802 F. App'x at 170 (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Finally, it is generally a plaintiff's responsibility to provide evidence for the Commissioner to review when conducting their RFC analysis. *See* 20 C.F.R. § 404.1512(a)(1); 20 C.F.R. § 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity.").

Upon review, the Court finds that the ALJ's decision is supported by substantial evidence.

First, the Court does not find that the ALJ erred by omitting work-preclusive limitations for being off-task or absent. In support of his argument, Plaintiff relies on a one-sentence letter from Dr. Peter Bouz, dated April 4, 2025, who opined that, "with the history of multiple hospital admissions for multiple bran infarcts resulting in chronic brain injuries, [Plaintiff] may not be gainfully employable." (ECF No. 10, PAGEID #: 1986 (citing to ECF No. 6, PAGEID #: 123).) Notably, Dr. Bouz said that Plaintiff *"may not be gainfully employable*," not that he was, as a matter of fact, so. (*Id.* (emphasis added).) Moreover, the ultimate question of whether a plaintiff is disabled (and thus unable to be gainfully employable) is strictly reserved for the Commissioner—not the treating physician. *See* 20 C.F.R. §§ 404.1520b(c), 416.920b(c). But most importantly, as the Commissioner points out, Dr. Bouz's letter was dated *after* the ALJ issued his opinion and is not part of the administrative record for this Court's review. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x 540, 544 (6th Cir. 2014) ("To the extent [plaintiff] attempts to request review of evidence submitted by her treating physician after the ALJ issued its decision . . . that evidence is not part of the administrative record and is not subject to our review.").

The only other evidence Plaintiff relies on to support his work-preclusive limitations aside from Dr. Bouz's letter is Plaintiff's own testimony of how those severe impairments affect him. Specifically, Plaintiff cites to his cerebral vascular incidents, potential cognitive decline, and daily headaches to support his contention that the ALJ erred by failing to account for "the effect these severe impairments would have on [Plaintiff's] ability to stay on task or be present at work." (ECF No. 10, at PAGEID 1987.) But the problem with this argument is that Plaintiff points to no medical opinion evidence arriving at that conclusion. Moreover, just because the ALJ recognized these

impairments as severe at Step Two does not necessitate a corresponding limitation in the RFC. *See Vetter v. Comm'r of Soc. Sec.*, No. 2:14-cv-13214, 2015 U.S. Dist. LEXIS 133957, at *26 (E.D. Mich. June 16, 2015) ("[A]n ALJ is not required to incorporate all impairments deemed severe at step two into his or her hypothetical to the VE or the corresponding RFC." (citing *Griffeth v Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007)). Here, the Court finds that the ALJ properly evaluated Plaintiff's testimony and weighed it against the other record evidence, including records where Plaintiff reported mild or no headaches and daily smoking, the latter of which was noncompliant with his treatment plan. (ECF No. 6, at PAGEID #: 46–47) (citing ECF No. 6, at PAGEID #: 1921, 1930, 820, 840, 911, 932, 1742, 1765, 1772, 1780, 1797, 1803, 1809, 1818, and 1913.)

Likewise, the Court finds no error in the ALJ's conclusion that the severity of Plaintiff's reported symptoms as a result of the cerebral vascular incidents—such as Plaintiff's reported right-sided weakness, word-finding difficulties, and fatigue—were not supported by the evidence in the record. In particular, the ALJ noted that many of Plaintiff's physical and neurological examinations did not show significant deficits. (ECF No. 6, at PAGEID #: 47 (citing PAGEID #: 1765, 1775, 1788, 1803, 1866, 1910, 1916, 1491).) Thus, the Court finds that, on the whole, the ALJ appropriately considered and accounted for Plaintiff's limitations that were supported by the records. To that end, when the ALJ has no medical source opinion statements to support Plaintiff's purported limitations of being off-task or absent, he does not err by not incorporating additional limitations into the RFC.

Second, the Court finds that the ALJ did not err when he omitted certain hypothetical VE limitations.

During the hearing, the ALJ posed a series of hypotheticals to the VE to determine whether a hypothetical person with certain limitations could perform Plaintiff's past work and other work in the national economy. (ECF No. 6, PAGEID ##: 86–88.) The VE testified that based on the ALJ's hypothetical, the individual could perform Plaintiff's past work, as well as other light exertional jobs in the national economy. (*Id.* at PAGEID ##: 86–87.) The ALJ then asked what would the effect be if the individual were off task 15% of the time. (*Id.* at PAGEID #: 87.) The VE responded, "I believe that is also work preclusive, Your Honor. In my experience, a worker who is off task any greater than about 10 percent of the workday, it's usually unable to keep up or do a satisfactory job." (*Id.*)

In assessing Plaintiff's RFC, the ALJ ultimately decided not to include either of the hypothetical limitations as to absenteeism and off-task behavior. (ECF No. 6, PAGEID #: 45.) Plaintiff contends that the ALJ's failure to include the off-task and absence limitations in the RFC constitutes reversible error. (ECF No. 10, PAGEID ##: 1987-88.) The Court disagrees. The ALJ was not required to include limitations for which he did not find evidentiary support. *Lester v. Soc. Sec. Admin.*, 596 F. App'x 387, 389–90 (6th Cir. 2015) ("The ALJ is required to incorporate only those limitations that he or she accepted as credible."). Because the ALJ did not find the work-preclusive limitations supported by the record, the ALJ did not err by not incorporating the VE's answer to those corresponding hypothetical limitations. *See Lipanye*, 802 F. App'x at 170 ("By posing the question, the administrative law judge did not make a finding or bind himself to a finding

that plaintiff was off-task at least 10% of the workday."). Finally, as noted above, Plaintiff does not point to any record support for those limitations. And even if he did, the Court finds that the ALJ's decision is still nonetheless supported by substantial evidence. *See Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025) ("[A]s long as the ALJ's findings were, as here, supported by substantial evidence, we may not second-guess them, even if substantial evidence would support the opposite conclusion." (citation omitted)); *Nash v. Comm'r of Soc. Sec.*, No. 19-6321, 2020 U.S. App. LEXIS 25360, 2020 WL 6882255, at *4 (6th Cir. Aug. 10, 2020) ("Even if the record could support an opposite conclusion, we defer to the ALJ's finding because it is supported by substantial evidence, based on the record as a whole." (internal citations omitted)).

## V. CONCLUSION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 10) is **OVERRULED** and the Commissioner's decision is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**